THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHRIS KULL,** *et al.,*

      Plaintiffs,

   vs.                              Civil Action 2:07-CV-686
                                      Judge Holschuh
                                      Magistrate Judge King

**THE VILLAGE OF YORKVILLE,
OHIO,** *et al.,*

      Defendants.

## OPINION AND ORDER

This is a civil rights action under 42 U.S.C. §1983 in which plaintiffs assert claims of false arrest and denial of due process. This matter is now before the Court on a number of motions filed by the parties in connection with defendants' failure to comply with certain provisions of rules governing discovery.

## I. FAILURE TO MAKE DISCLOSURES UNDER F.R.CIV. P. 26(a)(1)(A)(i).

Rule 26(a)(1)(A)(i) requires that parties "provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information -- along with the subject of that information -- that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment; ..." F.R. Civ. P. 26(a)(1)(A)(i). Moreover, Rule 26(a) disclosures must be supplemented or corrected "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect. ..." F.R. Civ. P. 26(e)(1)(A). If a party fails to provide information or identify a witness under Rule 26(a) or 26(e), that party "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or was harmless." F.R. Civ. P.

37(c)(1). In addition to or instead of a preclusion order a court may impose another appropriate sanction, Rule 37(c)(1), including the payment of reasonable expenses, including attorney's fees, caused by the failure to disclose or to supplement. Rule 37(c)(1)(A).

In this case, initial disclosures under F.R. Civ. P. 26(a)(1) were to have been made by December 10, 2007. *Preliminary Pretrial Order*, p.1, Doc. No. 13. The date by which discovery was to have been completed was October 1, 2008. *Order,* Doc. No. 21.

Plaintiffs ask that defendants be precluded from relying on testimony by witnesses who were not properly disclosed to plaintiffs prior to the discovery completion period.

### A. Defense Witness Michael Neuman.

Defendants included, in their initial disclosures under F.R. Civ. P. 26(a)(1), a "Michael Neuman," a former officer with the defendant Village of Yorkville Police Department with knowledge regarding certain events addressed in the complaint. *Exhibit 3*, attached to Doc. No. 24. Defendants' initial disclosure indicated that this witness' address was "unknown." *Id.*

On June 29, 2008, defendants supplemented their disclosures to provide that this witness could be contacted through defense counsel: "Mr. Neuman has now been located and the undersigned [counsel] will facilitate his availability for deposition. Mr. Neuman has knowledge regarding the events of the night of July 20, 2005." *Supplemental Rule 26(a)(1) Disclosures of Defendant*, p.2, *Exhibit* attached to *Defendants' Opposition to Plaintiff's Motion*, Doc. No. 28 ("*Defendants' Opposition*"). As it happened, this witness was never made available for deposition by plaintiffs, despite plaintiffs' repeated requests for deposition.

Defendants explain that specifically identifying information

2

relating to this witness was not provided because this witness "is most assuredly one of the John Doe Defendants referred to" in the *First Amended Complaint*, could be subject to personal liability in connection with the claims asserted in this action and could expose the defendant village to greater liability. *Id.*, p.3. Defendants go on to explain that this witness is currently in the army and, as a result, had been relatively unavailable for discovery.[1]

It is clear that defendants' failure to provide this witness' address and telephone number in contravention of the express requirements of Rule 26(a)(1)(C)(i), at least in their June 2008 supplemental disclosure, was a deliberate tactical decision on the part of defense counsel. The mere fact that compliance with the rule may subject an individual or party to possible new or increased liability simply does not constitute substantial justification for failure to comply with the rule. The issue for the Court's determination, then, is whether defense counsel's default was harmless and, if not, what sanction is appropriate. F.R. Civ. P. 37(c)(1).

The burden of establishing harmlessness falls on the non-disclosing party. *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003). Moreover, the comments of the Advisory Committee to Rule 37 "strongly suggest that 'harmless' involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Id.*, at 783. In the case presently before the Court, it simply cannot be said that the failure to provide the witness' address and telephone number -- an apparently deliberate tactical decision by defense counsel -- can properly be characterized as an honest

---

[1] Defendants have now provided plaintiffs the contact information relating to this witness. However, the witness will be in Wheeling, West Virginia, from December 5, 2008 to January 5, 2009. *Defendants' Opposition*, p.5.

3

mistake. Moreover, because the discovery completion period is now closed and plaintiffs were denied the opportunity to depose this witness during that period, it cannot be said that this default was harmless. Under these circumstances, the Court is required to assess some sanction. Rule 37(c)(1). Rule 37(c)(1) does not compel the district court to exclude testimony in its entirety. *Galen of Virginia, Inc.*, 325 F.3d at 784. Rather, "in lieu of this sanction [of total exclusion] the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions." F.R. Civ. P. 37(c)(1).

In an effort to abate the prejudice to plaintiffs caused by defendants' default, defendants have moved for an extension of the discovery period to allow plaintiffs to depose this witness.[2] Plaintiffs object to re-opening discovery. "Stalling this case several more months, simply in order to permit the Defendants to avoid a reasonable consequence of their own decision to break the rules, would be an <u>additional</u> harm to the Plaintiffs." *Plaintiffs' Reply,* at p.4.

This court prefers that cases, to the extent possible, be resolved on the merits of the parties' claims and defenses after a full opportunity to engage in the discovery authorized by the Federal Rules of Civil Procedure. The preclusion order sought by plaintiffs is inconsistent with that policy. While such a sanction is clearly authorized, *see* F.R. Civ. P. 37(c)(1), the Court declines to impose that sanction where, as here, the failure to comply with the discovery rules appears to be the fault of the attorney rather than of the defendants and

---

[2]Alternatively, defendants suggest that they be foreclosed from relying on the testimony of this witness in connection with dispositive motions, but not at any trial. *Defendants' Opposition*, p.6. However, the Court notes that all parties have now filed dispositive motions and that defendants have in fact relied on the testimony of this witness. *Exhibit B* attached to *Defendants' First Motion for Summary Judgment Regarding Events of July 20, 2005,* Doc. No. 36. Plaintiffs have moved to strike the declaration of this witness. Doc. No. 43.

where a lesser sanction will reasonably accommodate the interests of the parties.

Defendants have moved for an extension of the discovery completion date to allow plaintiffs to depose this witness, who will be available for deposition until early January 2009. Doc. No. 27. That motion is **GRANTED.** Although this extension will result in some delay in the resolution of the pending motions for summary judgment, the Court concludes that that slight delay does not outweigh the overriding interest in considering the merits of the claims and defenses in this case. Recognizing, however, that plaintiffs have filed motions for summary judgment or responses to motions for summary judgment with less than full discovery, the Court also concludes that plaintiffs will be permitted to supplement their motions and memoranda in light of the new discovery. All expenses and costs associated with plaintiffs' supplementation must be borne by defendants' counsel, whose failure to comply with Rule 26(a)(1)(C)(i) deprived plaintiffs of the opportunity to conduct appropriate discovery during the discovery completion period and prior to the date for filing dispositve motions.[3]

### B. Defense Witnesses Grady, Fetty and Tarr.

Defendants' original and supplemental Rule 26(a)(1) disclosures did not include the names of certain other witnesses. *See Exhibit 2*, attached to *Plaintiffs' Motion to Prohibit Defense Witness Michael E. Neuman,* Doc. No. 24. However, on October 2, 2008, *i.e.,* the

---

[3] The Court will not assess, as a sanction under Rule 37, the costs associated with the actual conduct of discovery. Those costs would presumably have been incurred by plaintiffs had defendants timely complied with the disclosure requirements of Rule 26(a)(1)(C)(i). *See First Bank of Marietta v. Hartford Underwriters, Ins. Co.,* 307 F.3d 501, 517 n.13 (6th Cir. 2002), quoting *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 763 (1980)(Rule 37's authorization of monetary sanctions is limited to expenses "caused by the failure to comply with discovery orders."); *Jackson by Jackson v. Nissan Motor Corp. in USA,* 888 F.2d 1391, 1989 WL 128639, *5 (6th Cir. 1989)(An award of sanctions under Rule 37 must be "tied directly to the discovery abuse giving rise to the sanction.").

5

day after the close of discovery in this case, defendants supplemented their Rule 26(a)(1) disclosures to include for the first time the names of John DeFillipo, Peggy Grady, Dan Fetty and Ron and Susan Tarr, as witnesses who may have discoverable information. *Exhibit 1*, attached to *Plaintiffs' Motion to Prohibit Defense Witnesses*, Doc. No. 25. Plaintiffs ask that defendants not be permitted to rely on the testimony of these witnesses.[4] Doc. No. 25.

In response, defendants assert that any failure to include the name of Peggy Grady was harmless since plaintiffs, all residents of the Village of Yorkville, should know of this witness, who is the village clerk. Defendants also argue that their failure to disclose Dan Fetty and Ron and Susan Tarr was substantially justified because defendants learned of these witnesses only during the course of the plaintiffs' July 2008 depositions and that they required "some time" and "considerable effort" to identify them and determine that they in fact have discoverable information. Doc. No. 29, p.5. As to these three witnesses, then, defendants contend that the failure to earlier disclose their identifying information was substantially justified. With respect to any potential prejudice to the plaintiffs, defendants point to their motion to extend the discovery completion period as a vehicle to abate any harm that may have occurred to plaintiff by reason of defendants' failure to supplement their Rule 26(a)(1) disclosures prior to the discovery completion date.

Defendants' failure to disclose the village clerk as a person with discoverable information was not substantially justified. The fact that plaintiffs, as residents of the defendant village, may have known

---

[4] Plaintiffs apparently withdraw their request as it relates to John DeFillipo, the current Mayor of the defendant Village, in light of the inclusion, in plaintiffs' own Rule 26(a)(1) disclosures, the "present Mayor of Yorkville" as a person with discoverable information.

the identity of the village clerk does not relieve defendants of their obligation to include her in their Rule 26(a)(i) disclosures once they determined that she is a person with discoverable information. Furthermore, the Court is not satisfied that defendants' failure to disclose the Fetty and Tarr witnesses prior to the discovery completion period was substantially justified. Although they incurred "some time" and "considerable effort," Doc. No. 29, p.5, in identifying these witnesses, defendants -- whose burden it is to justify their failure to make their Rule 26(a)(1) disclosures in a timely fashion, *Galen of Virginia,* 325 F.3d at 782 -- have not established that they could not provide at least some disclosure prior to the discovery completion date.[5] Moreover, the fact that defendants have relied on the testimony of at least some of these witnesses in connection with the pending motions for summary judgment demonstrates that their failure to earlier disclose these witnesses was not harmless. Under these circumstances, then, Rule 37(c)(1) requires the assessment of a sanction.

For the reasons stated *supra,* the Court declines to foreclose to defendants the opportunity to rely on the testimony of these witnesses. Discovery of these witnesses by plaintiffs may proceed, should plaintiffs choose to conduct such discovery, and plaintiffs will thereafter have the opportunity to supplement or modify their motions and memoranda in light of that discovery. Again, all of plaintiffs' costs associated with such supplementation or modification must be borne by defense counsel.

All such discovery must be completed by January 31, 2009. Plaintiffs may supplement or modify their motions for summary judgment

---

[5] It is notable in this regard that defendants included witness Neuman in their original Rule 26(a)(1) disclosure notwithstanding the fact that this witness' address was at the time unknown to defendants. *Exhibit 3*, attached to Doc. No. 24.

and memoranda in support of their motions or in opposition to defendants' motions no later than February 28, 2009.  Plaintiffs will provide to defense counsel an itemized list of expenses, including attorneys fees, incurred in such supplementation or modification.

Because the Court declines to prohibit the testimony of these witnesses, the Court also declines to strike the defendants' motion for summary judgment, which may rely on the testimony of these witnesses.

## II. FAILURE TO MAKE DEPOSITION CHANGES IN CONFORMITY WITH F.R. CIV. P. 30(e).

Rule 30(e) of the Federal Rules of Civil Procedure specifies that a deponent must be granted thirty (30) days to review a deposition transcript and, if there are changes to be made to the transcript, "to sign a statement listing the changes and the reasons for making them." Rule 30(e)(1)(A),(B).  The rule makes clear that the changes must be made "during the 30-day period."  Rule 30(e)(2).

Defendant Popp was deposed by plaintiffs on July 14, 2008. *Exhibit D,* attached to *Defendants' First Motion for Partial Summary Judgment,* Doc. No. 36.  The transcript of that deposition was certified by the court reporter on July 28, 2008. *Id.*  Defendant Popp wanted until September 11, 2008, to submit an *errata* sheet listing six (6) changes to his deposition transcript. *Exhibit,* attached to Doc. No. 26.  No reasons were given for the changes for failure to comply with the procedural requirements of Rule 30(e).  Plaintiffs ask that the Court disregard defendant Popp's changes. *Plaintiffs' Motion to Exclude Defendant Officer Popp's Deposition Errata Sheet,* Doc. No. 26.

Defendants concede that defendant Popp's changes failed to conform to the requirements of Rule 30(e). *Defendants' Memorandum contra*

*Plaintiffs' Motion to Exclude Defendant Officer Popp's Deposition Errata Sheet,* p.1, Doc. No. 42. Defendants contend, however, that any such failure was harmless. Moreover, defendants also submit an amended *errata* sheet which offers reasons for two changes. *Exhibit,* attached to *Id.*

The Court concludes that defendant Popp's original *errata* sheet failed to conform with the requirements of Rule 30(e) because it was untimely and failed to offer reasons for the changes. Because his amended *errata* sheet is even more untimely -- having been produced after the filing of motions for summary judgment that rely, at least in part on defendant Popp's deposition -- the production of that amended *errata* sheet does not cure the deficiencies of the first, defective, *errata* sheet. Courts have ordered non-conforming *errata* sheets stricken from the record. *See, e.g., Davidson Hotel Co. v. St. Paul Fire and Marine Ins. Co.,* 136 F.Supp. 2d 901, 914 (W.D. Tenn. 2001)(untimely *errata* sheet stricken); *ICE Corp. v. Hamilton Sundstream Corp.,* 2007 WL 4259484, *2 (D. Kan. 2007)(and cases cited therein); *Qatar Nat. Navigational & Transport Co., Ltd. v. Citibank,* 1996 WL 601540, *1 (S.D. N.Y. 1996). *See also U.S. ex rel. Burch v. Piqua Engineering,* 152 F.R.D. 565, 566-67 (S.D. Ohio 1993)(changes are permissible "as long as the procedural requirements set forth in the Rule are also followed."). *Cf. Deloach v. Philip Morris Companies,* 206 F.R.D. 568, 573 (M.D. N.C. 2002)(because the proper procedure was followed, "and a motion for summary judgment is not yet on the horizon," changes to transcript would be permitted).

Because defendant Popp's changes to his deposition transcript failed to meet the procedural requirements of Rule 30(e), plaintiffs' motion to exclude those changes, Doc. No. 26, is meritorious.

This *Opinion and Order* resolves the motions reflected in Doc.

Nos. 24, 25, 26, 27, 40 and 43.  The Clerk shall remove those motions from the Court's pending motions list.


December 10, 2008                    *s/Norah McCann King*
                                      Norah M<sup>c</sup>Cann King
                             United States Magistrate Judge