THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHRIS KULL,** *et al.,*

    **Plaintiffs,**

  vs.                              Civil Action 2:07-CV-686
                                        Judge Holschuh
                                        Magistrate Judge King

**THE VILLAGE OF YORKVILLE,
OHIO,** *et al.,*

    **Defendants.**

## OPINION AND ORDER

This is a civil rights action under 42 U.S.C. § 1983 in which plaintiffs assert claims of false arrest and denial of due process. This matter is now before the Court on two motions filed by the plaintiffs in connection with defendants' purported failure to comply with the Court's *Opinion and Order*, Doc. No. 48. *See Plaintiffs' Renewed Motion to Prohibit Defense Witness Michael C. Neuman*, Doc. No. 55 ("*Renewed Motion to Prohibit*"); *Plaintiffs' Motion to Strike Defendants' 'Supplemental Response' (Doc. 64)*, Doc. No. 65 ("*Motion to Strike*").

In October, 2008, plaintiffs filed a motion asking that defendants be precluded from relying on testimony by Lt. Neuman who had not been properly disclosed as a witness or made available to plaintiffs during the discovery completion period. Doc. No. 24.[1] On December 10, 2008, this Court resolved plaintiffs' motion, concluding:

It is clear that defendants' failure to provide this

---

[1] In October 2008, plaintiffs filed two motions for partial summary judgment. Doc. Nos. 33 and 34. Defendants also filed two motions for partial summary judgment. Doc. Nos. 36 and 37. In their first motion for partial summary judgment, defendants relied on the declaration of a witness, Lt. Michael C. Neuman. Exhibit 2, attached to Doc. No. 36. Defendants also rely on Lt. Neuman's testimony in opposing plaintiffs' first motion for partial summary judgment, Doc. No. 33. *See* Exhibit 3, attached to Doc. No. 45.

> witness' address and telephone number in contravention of
> the express requirements of Rule 26(a)(1)(C)(i), at least in
> their June 2008 supplemental disclosure, was a deliberate
> tactical decision on the part of defense counsel.
>
> \* \* \* \*
>
> In the case presently before the Court, it simply cannot be
> said that the failure to provide the witness' address and
> telephone number -- an apparently deliberate tactical
> decision by defense counsel -- can properly be characterized
> as an honest mistake. Moreover, because the discovery
> completion period is now closed and plaintiffs were denied
> the opportunity to depose this witness during that period,
> it cannot be said that this default was harmless. Under
> these circumstances, the Court is required to assess some
> sanction.

*Opinion and Order*, pp. 3-4, Doc. No. 48. The Court noted that "Defendants have now provided plaintiffs the contact information relating to this witness. However, the witness will be in Wheeling, West Virginia, from December 5, 2008 to January 5, 2009." *Id*. at 3 n.1 (citing *Defendants' Opposition to Plaintiff's Motion*, p.5, Doc. No. 28). Accordingly, the Court granted defendants' request for an extension of the discovery completion date "to allow plaintiffs to depose this witness, who will be available for deposition until early January 2009." *Id*. at 5.[2]

On the day after the Court issued this order, defense counsel reminded[3] plaintiffs that they had scheduled Lt. Neuman's trial

---

[2] The Court further ordered that all expenses and costs associated with plaintiffs' supplementation to the pending motions for summary judgment based on this deposition testimony be borne by defendants' counsel, "whose failure to comply with Rule 26(a)(1)(C)(i) deprived plaintiffs of the opportunity to conduct appropriate discovery during the discovery completion period and prior to the date for filing dispositive motions." *Id*.

[3] On December 3, 2008, defense counsel notified plaintiffs' counsel that defendants planned to "preserve [Lt. Neuman's] testimony and take his videotaped trial deposition" on December 15, 17 or 19. Exhibit A, attached to *Defendants' Opposition to Plaintiffs' Renewed Motion to Prohibit Defense Witness Michael C. Neuman*, Doc. No. 61 ("*Opposition to Renewed Motion*").

2

deposition for December 17, 2008. Exhibit E, attached to *Opposition to Renewed Motion*. Defendants also suggested December 15, 19 and 22 as dates for Lt. Neuman's deposition. *Id*.

The next day, plaintiffs served a notice of deposition on defendants, setting Lt. Neuman's deposition for December 30, 2008, in the Columbus office of plaintiffs' counsel. Exhibit G,[4] attached to *Opposition to Renewed Motion*. Plaintiffs explained that they were unable to depose Lt. Neuman before Christmas, but that "[i]f he is going to be made available in Columbus, I could depose Mr. Neuman on the morning of December 30. Otherwise, it will have to be January 2, 5, 6 or 7." Exhibit F, attached to *Opposition to Renewed Motion.* On the same day, *i.e.,* two days after the Court's December 10, 2008, *Opinion and Order*, defense counsel responded that neither they nor Lt. Neuman would be unavailable for deposition on any of plaintiffs' proposed dates:

> Unfortunately, Lt. Neuman will no longer be in the Wheeling, West Virginia area or otherwise near Ohio on December 30th. When I filed the Defendants' Opposition to your [first] motion to exclude Lt. Neuman's testimony, it was my understanding he would be in Wheeling until January 5, 2009. That is the date he reports to his new unit at Ft. Bragg in Fayetteville, North Carolina. I have now learned that he is leaving Wheeling to move to North Carolina on December 27, 2008. And like you, we have other calendar considerations for the Holidays. Neither [defense counsel] Bob [Stoffers] nor I will be available after December 23rd. . . . If we cannot agree to a date while Lt. Neuman is still in the area, we can work with the JAG Office at Ft. Bragg to arrange for his deposition in North Carolina. . . . However, if we cannot resolve this matter on Monday morning, we will need to consult with Judge King due to these time constraints.

---

[4]Plaintiffs do not number or otherwise identify the several exhibits attached to their motion. Accordingly, for ease of reference, the Court will refer to these documents that are also attached, and properly identified, as defendants' exhibits.

3

Exhibit H, attached to *Opposition to Renewed Motion*.

Plaintiffs' counsel responded that he had scheduled the deposition for December 30, 2008, based on defendants' representations to the Court that Lt. Neuman would be available until early January. Exhibit I, attached to *Opposition to Renewed Motion*. As for defense counsel's suggestion to depose Lt. Neuman prior to Christmas, plaintiffs' counsel responded that "[i]t is completely impossible for us to find the time to do this deposition in the next six working days leading up to Christmas Eve." *Id*. Plaintiffs' counsel further complained that "the defense reneging on Neuman's availability locally means that the cost of the 'actual conduct of' <u>this</u> discovery is now <u>much higher</u>." *Id*. (emphasis in original). Plaintiffs also challenged defendants' proposed trial deposition of Lt. Neuman. *Id*.

On December 15, 2008, defense counsel advised that Lt. Neuman had been ordered to arrive at Fort Bragg, North Carolina on December 27, 2008, and to report to his unit on January 5, 2009. Exhibit J, attached to the *Opposition to Renewed Motion*. Defense counsel offered to obtain copies of the order and to arrange Lt. Neuman's deposition by video conference in Raleigh-Durham on December 30, 2008, or on one of the other dates proposed by plaintiffs. *Id*. In response, plaintiffs' counsel requested a copy of Lt. Neuman's order and notified defense counsel that plaintiffs wished to depose Lt. Neuman in person. Exhibits L and M, attached to *Opposition to Renewed Motion*.

On December 18, 2009, defense counsel provided a copy of Lt. Neuman's order confirming that his leave ended on December 26, 2008. Exhibit O, attached to *Opposition to Renewed Motion*. Defense counsel

4

did not know whether Lt. Neuman could travel to Columbus for a deposition after December 26, 2008, and asked that plaintiffs' counsel "let me know how you wish to proceed from this point forward in regard to Lieutenant Neuman's discovery deposition." *Id*. Defense counsel further advised that "it is my understanding that as of June, 2009, Lieutenant Neuman is subject to being deployed overseas." *Id*.

The next day, *i.e.,* December 19, 2008, plaintiffs filed the *Renewed Motion to Prohibit*. Plaintiffs argue that defendants' failure to produce Lt. Neuman locally for deposition constitutes "gamesmanship" and contravenes the Court's prior *Opinion and Order*. *Renewed Motion to Prohibit*. In response, defendants explain that, when they represented to the Court that Lt. Neuman would be in West Virginia from December 5, 2008 until January 5, 2008, they had understood that to be the case.[5] *Opposition to Renewed Motion*, p. 2. Defendants point out that they offered Lt. Neuman for plaintiffs' discovery deposition in Columbus until December 22, 2008, and by video conference after that date, but that plaintiffs rejected those offers. Defendants argue that they have "done all they can do" to schedule Lt. Neuman's deposition. *Id*.

Rule 37(b)(2)(A) authorizes the imposition of sanctions, including an order prohibiting the introduction of matter in evidence, Fed. R. Civ. P. 37(b)(2)(A)(ii), where a party fails to obey an order to provide or permit discovery. The question before the Court, therefore, is whether defendants failed to obey the Court's *Opinion*

---

[5]Although defense counsel does not attach an affidavit to this effect, the Court accepts counsel's professional representation that, at the time defendants requested an extension of the discovery period, he believed that Lt. Neuman would be in West Virginia until January 5, 2009.

*and Order* and, if so, what sanction is appropriate. Fed. R. Civ. P. 37(b)(2)(A).

As discussed *supra*, the Court's December 10, 2008, *Opinion and Order* granted defendants' request for an extension of the discovery completion date based on defendants' representation that Lt. Neuman would be available for deposition until early January 2009. It is undisputed that Lt. Neuman was in fact not available for deposition in Ohio or West Virginia after December 26, 2008.

Plaintiffs argue that the *Opinion and Order* required Lt. Neuman to be produced "locally" and that defendants offer of a videoconference deposition is "less-effective and far more expensive[.]" *Renewed Motion to Prohibit; Plaintiffs' Reply Memorandum in Support of Renewed Motion to Prohibit Defense Witness Michael C. Neuman*, p. 1, Doc. No. 63 ("*Plaintiffs' Reply*"). Defendants contend that they made Lt. Neuman available for deposition in Columbus on December 15, 17, 19 or 22, 2008,[6] but that plaintiffs rejected those proffered dates. *Opposition to Renewed Motion*, pp. 2, 5-6. Defendants argue that they have done all that they could have done to arrange Lt. Neuman's deposition. *Id*.

Defendants' arguments are unpersuasive. The *Opinion and Order* expressly contemplated that Lt. Neuman would be available for approximately one month between early December 2008 and early January 2009. Upon defendants' suggestion of four proposed deposition dates, plaintiffs' counsel quickly responded that they were unavailable to

---

[6]Although defense counsel had holiday plans that made them unavailable after December 23, 2008, they also suggested that the deposition be scheduled for December 26, 2008. *Opposition to Renewed Motion*, p. 6.

depose Lt. Neuman before Christmas and noticed his deposition for December 30, 2008 -- a date still well within the discovery period extended by the Court and based on defendants' earlier representation. *See* Exhibits E and F, attached to *Opposition to Renewed Motion*. The unilateral offer of four dates shortly before the holiday season -- dates that were convenient for defense counsel but not for plaintiffs' counsel -- is not a reasonable compliance with the Court's *Opinion and Order*. Particularly is this so where, as here, the extension of the discovery period into a compressed time frame was necessitated by defense counsel's earlier actions.

Defendants also note that Lt. Neuman was also offered for deposition in North Carolina -- either personally or by videoconference -- but that plaintiffs unreasonably rejected those offers as well. *Opposition to Renewed Motion*.

Defendants are correct that the December 10, 2008, *Opinion and Order* did not expressly direct that Lt. Neuman's deposition be conducted locally. However, to expect plaintiffs to incur the substantially greater expense to conduct an in person deposition in North Carolina is also unreasonable. Moreover, Fed. R. Civ. P. 30(b)(4) authorizes a deposition by telephone or other remote means only upon stipulation or court order issued on motion. Clearly, the parties did not stipulate to a deposition by videoconference or other remote means and defendants filed no motion asking the Court to authorize such a deposition, even though they knew as early as December 12, 2008, that Lt. Neuman would be moving to North Carolina on December 27, 2008. Exhibit H, attached to *Opposition to Renewed Motion*. Under these circumstances, defendants' offer of deposition by

7

videoconference, but without either agreement of plaintiffs or authorization by the Court, was entirely insufficient.

Finally, defendants offer evidence of their additional "efforts to arrange for Lt. Neuman's deposition." *Defendants' Supplemental Response to Plaintiff's [sic] Renewed Motion to Prohibit Defense Witness Michael C. Neuman*, Doc. No. 64 (attaching correspondence between defense counsel and Lt. Neuman dated January 8, 19-21, 2008). However, the only specific date suggested for deposition was "over President's Day in February," *Id.,* a date after the close of the discovery completion period even as extended.

After review of the filings, the parties' course of conduct and relevant legal authority, this Court concludes that defendants failed to comply with the Court's December 10, 2008, *Opinion and Order* and that justice requires that, because plaintiffs have been unreasonably denied the opportunity to depose Lt. Neuman, defendants may not rely on the testimony of that witness. *See* Fed. R. Civ. P. 37(b)(2)(A)(ii). Given the circumstances of this case and this sanction, no other sanction will be imposed on any of the parties or counsel.[7]

**WHEREUPON**, *Plaintiffs' Renewed Motion to Prohibit Defense Witness Michael C. Neuman*, Doc. No. 55, is **GRANTED** and *Plaintiffs' Motion to Strike Defendants' 'Supplemental Response' (Doc. 64)*, Doc. No. 65, is **DENIED as moot**. Defendants will be precluded from relying on the

---

[7]Apparently, Lt. Neuman "is subject to overseas deployment beginning in June or July of this year." If Lt. Neuman remains available for deposition, the Court would entertain a request for his deposition on the condition that defendants absorb the entire cost of the deposition.

testimony of Lt. Neuman.


July 10, 2009                             *s/Norah McCann King*
                                          Norah McCann King
                                     United States Magistrate Judge